**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| ROBERT COFFEY, | ) | CASE NO. 8:10CV16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MARK FOXALL, Director Assistant, | ) | |
| ADAMS, C.O., and NEWTON, | ) | |
| Director, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 13, 2010. (Filing No. 1.) On March 12, 2010, Plaintiff paid the required initial partial filing fee. Thus, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against three Defendants, who are all employees at the Douglas County, Nebraska, Correctional Center ("DCCC"). (Filing No. 1 at CM/ECF pp. 1, 5-6.) Plaintiff is currently incarcerated at the DCCC. (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that on December 17, 2009, Defendant Adams transported Plaintiff and other inmates to the law library. (*Id.* at CM/ECF p. 5.) While in the hallway being transported, Adams said "suck my dick" to Plaintiff and touched Plaintiff's genitals. (*Id.*) Plaintiff alleges that Adams has engaged in such behavior "for 20 years" and that Defendants Foxall and Newton are aware of Adams's behavior but have not taken steps to stop it. (*Id.* at CM/ECF pp. 5-6, 7.) Plaintiff alleges that Defendants violated his constitutional rights because Adams sexually assaulted him and because Foxall and Newton knew of Adams's conduct towards male inmates but did

nothing to protect Plaintiff.  (*Id.* at CM/ECF p. 7.)  As a result of this alleged incident, Plaintiff has suffered sleep deprivation, "pain in testicles, nightmares, embarrassment, [and] anxiety.  (*Id.* at CM/ECF p. 8.)  Plaintiff requests monetary relief in the amount of $150,000.00.  (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be

construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.   DISCUSSION OF CLAIMS

### A.   Claim Against Defendant Adams

Liberally construed, Plaintiff alleges that Defendant Adams violated his Eighth Amendment right to be free from cruel and unusual punishment through his sexual comments and because he touched Plaintiff's genitals. (Filing No. 1.) The Eighth Amendment generally prohibits cruel and unusual punishment and provides a "right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A successful claim under the Eighth Amendment requires that the plaintiff show "[a] denial of safe and humane conditions" resulting "from an officer's deliberate indifference to a prisoner's safety." *Id.* (quoting *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990)). Deliberate indifference requires "more than mere negligence," but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Further, "sexual or other assaults are not a legitimate part of a prisoner's punishment, and

3

the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries." *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

Plaintiff has alleged that Defendant Adams inappropriately touched his genitals and made sexual comments to him in the presence of other inmates. (Filing No. 1 at CM/ECF pp. 5-6.) As set forth above, if proven, these allegations are enough to support an Eighth Amendment violation. As such, Plaintiff has set forth enough to nudge his claim against Adams across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.[1]

   B.   Claim Against Defendants Foxall and Newton

Plaintiff also asserts an Eighth Amendment claim against Defendants Foxall and Newton because they failed to protect him from Adams's behavior. (Filing No. 1.) To establish a failure-to-protect claim under the Eighth Amendment, a plaintiff must show that the prison official was deliberately indifferent to a "substantial risk of serious harm." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). Thus, the plaintiff must allege both an "objective component, whether there was substantial risk of harm to the inmate," and a "subjective component, whether the prison official was deliberately indifferent to that risk." *Id.* "An official is deliberately indifferent if he or she actually knows of the substantial risk

---

[1]As set forth in *Berryhill*, "horseplay" which results in "a brief unwanted touch," does not constitute a sexual assault. 137 F.3d at 1076. Stated another way, "not every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action." *Id.* (quotation omitted). In light of this, the court has serious doubts regarding whether Plaintiff's claims amount to a sexual assault or an Eighth Amendment violation. However, based on the allegations currently before the court, the claim may proceed.

4

and fails to respond reasonably to it."  *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007).

Here, Plaintiff alleges that Adams has engaged in similar behavior "for 20 years" and that Foxall and Newton received "numerous warnings that Adams makes advances towards male inmates," but did nothing.  (Filing No. 1 at CM/ECF pp. 6-7.)  Liberally construed, Plaintiff alleges that Foxall and Newton are Adams's supervisors and were deliberately indifference to the risk he presented to Plaintiff.  (*Id.*)  As with his claim against Adams, if proven, Plaintiff's allegations against Foxall and Newton are enough to support an Eighth Amendment violation.  As such, Plaintiff has set forth enough to nudge his claim against Foxall and Newton across the line from conceivable to plausible.  However, the court again cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's claims against Defendants may proceed and service is now warranted as to those claims;

2.    To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur;

3.    Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

5

4.    Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5.    Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6.    The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 25, 2010:**  Check for completion of service of summons;" and

7.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 25th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

6